**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HILL DERMACEUTICALS, INC.,

              **Plaintiff,**

-vs-                                **Case No.  6:08-cv-330-Orl-31KRS**

RX SOLUTIONS, UNITED HEALTH
GROUP, INC., and UNITED
HEALTHCARE OF FLORIDA, INC.,

              **Defendants.**

_____

# ORDER

This matter comes before the Court on the Notice of Improper Removal, or in the Alternative, Plaintiff's Motion for Remand (Doc. 7) filed by the Plaintiff, Hill Dermaceuticals, Inc. ("Hill"),  and the response (Doc. 23) filed by the Defendants, RX Solutions, United Health Group, Inc., and United Healthcare of Florida, Inc.

## I.    Background

Hill originally filed suit in state court on November 16, 2007.  (Doc. 2 in Case No. 6:07-cv-2032-GAP-GJK (the "2032 Case")).  The defendants in that suit included two that are parties to this action – RX Solutions and United Healthcare of Florida, Inc. ("United Healthcare") – and two apparently nonexistent entities, United Healthcare Company and Pacific Health Systems.  (Doc. 2 in the 2032 Case at 1).  RX Solutions and United Healthcare asserted, as grounds for removal, the case would necessarily require interpretation of labeling rules governed by the federal Food, Drug & Cosmetic Act ("FDCA") and prescription drug coverage issues governed by the Medicare

Modernization Act ("MMA"), thereby establishing the existence of federal question jurisdiction. (Doc. 1 in the 2032 Case at 2). They also asserted that diversity jurisdiction existed in that the amount in controversy exceeded $75,000 and the Plaintiff, a resident of Florida, was diverse from RX Solutions. (Doc. 1 in the 2032 Case at 5-6). They contended that United Healthcare, a Florida resident, had been fraudulently joined to defeat diversity. (Doc. 1 in the 2032 Case at 6).

On January 17, 2008, RX Solutions and United Healthcare filed a Rule 12(b)(6) motion to dismiss (Doc. 17), which the Court granted on February 6 (Doc. 23). In the interim, on January 29, Hill filed a motion to remand (Doc. 18). Apparently believing that the dismissal of the complaint mooted the motion to remand, RX Solutions and United Healthcare failed to file a response. As a result, the Court granted the motion to remand, as unopposed, on February 25. On February 29, the Court denied reconsideration of the order granting the motion to remand. (Doc. 31).

Hill had filed an amended complaint (Doc. 27 in the 2032 case) in this Court on February 20, 2008. In that document, Hill dropped United Healthcare Company and Pacific Health Systems as defendants and added United Health Group ("UHG"). UHG is diverse from Hill. On March 5, 2008, UHG removed the case back to this court, citing the same bases as had been cited by United Healthcare Company and Pacific Health Systems in the original removal: the existence of federal question jurisdiction due to preemption by the FDCA and MMA and the existence of diversity jurisdiction despite the allegedly fraudulent joinder of the non-diverse defendant, United Healthcare. (Doc. 1 at 3-9).

## II.    Standards

The general removal statute, 28 U.S.C. § 1441, provides in pertinent part that

Except as otherwise expressly provided by Act of Congress, any civil action brought
in a State court of which the district courts of the United States have original
jurisdiction, may be removed by the defendant or the defendants, to the district court
of the United States for the district and division embracing the place where such
action is pending. ...

Any civil action of which the district courts have original jurisdiction founded on a
claim or right arising under the Constitution, treaties or laws of the United States
shall be removable without regard to the citizenship or residence of the parties.  Any
other such action shall be removable only if none of the parties in interest properly
joined and served as defendants is a citizen of the State in which such action is
brought.

28 U.S.C. § 1441(a), (b).  The party seeking removal bears the burden of establishing federal

jurisdiction.  *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).  Removal statutes are to

be construed narrowly, with any uncertainties to be resolved in favor of remand.  *Burns v. Windsor*

*Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Removal procedure is governed by 28 U.S.C. §

1446, which provides, in pertinent part:

The notice of removal of a civil action or proceeding shall be filed within thirty days
after the receipt by the defendant, through service or otherwise, of a copy of the
initial pleading setting forth the claim for relief upon which such action or
proceeding is based, or within thirty days after the service of summons upon the
defendant if such initial pleading has then been filed in court and is not required to
be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may
be filed within thirty days after receipt by the defendant, through service or
otherwise, of a copy of an amended pleading, motion, order or other paper from
which it may first be ascertained that the case is one which is or has become
removable, except that a case may not be removed on the basis of jurisdiction
conferred by section 1332 of this title more than one year after commencement of
the action.

28 U.S.C. § 1446(b).  Section 1446(d) requires that "[p]romptly after the filing of such notice of

removal of a civil action the defendant or defendants shall give written notice thereof to all adverse

parties and shall file a copy of the notice with the clerk of the State court, which shall effect the

removal and the State court shall proceed no further unless and until the case is remanded."  An

order remanding a case to the State court from which it was removed is not reviewable on appeal

or otherwise, except that an order remanding a case to the State court from which it was removed

pursuant to section 1443 of this title shall be reviewable by appeal or otherwise."  28 U.S.C. §

1447(d).

### III.   Analysis

Hill raises a number of procedural arguments in support of remand, none meritorious.  Hill

contends that the Defendants failed to provide sufficiently prompt notice of the (second) removal,

as required by 28 U.S.C. § 1446(d).  However, Hill admits that the Defendants mailed a copy of

the notice of removal to Hill's counsel on the day it was filed, and that Hill's counsel received it

two days later.  (Doc. 7 at 2-3).  This argument is so farcical as to border on bad faith.

Hill argues that Rx Solutions and United Healthcare failed to join in the removal petition,

or that they waived their right to consent to removal, violating the rule of unanimity.[1]  Hill

provides no factual or legal support for its contention that these defendants waived their right to

consent to removal or that defendants who have once removed a case are *per se* barred from

consenting to another party's removal.  The fact that a case was removed previously and remanded

---

[1]The rule of unanimity requires that, in cases involving multiple defendants, all defendants must timely consent to removal for it to be effective.  *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001).

-4-

does not, of itself, bar a second removal.  *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453 (7th Cir. 2005).

Hill also argues that the removal was invalid in that any petition for removal must be filed within 30 days of service upon the first-served defendant, or – if the case was not removable in its original form – within 30 days of service of the first document showing that the case has become removable (such as an amended complaint that adds a federal claim or drops the only non-diverse defendant).  UHG's petition for removal was filed more than thirty days after service was made on Rx Solutions and United Healthcare.  The amended complaint in this case changed only the defendants, not the claims at issue, and therefore, according to Hill, it could not have provided a new opportunity for removal.

Courts have adopted two approaches for cases involving multiple filings upon multiple defendants.  One approach is the "first served" (or "single date of removal") rule, which provides that in cases involving multiple defendants, the thirty day period begins to run as soon as the first defendant is served (provided the case is then removable).  Thus, if the defendant who was served first fails to remove within thirty days, a subsequently served defendant may not remove the case, even with the first defendant's consent.  *Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1327 (M.D. Fla. 2003).  The second approach is the "later served" rule, under which a later-served defendant has thirty days from his receipt of service to remove, with the consent of the other defendants, no matter when those other defendants were served. *Id.*.

There is a split among the circuit courts as to which rule is appropriate.  The Eleventh Circuit has not ruled on this issue, and the district courts within this circuit, and within Florida, are split.  However, in a previous case, the undersigned determined that the "later served" rule was

more appropriate, because the plain language of 28 U.S.C. § 1446 simply states that "the

defendant" (rather than, for example, "the first-served defendant") must file a notice of removal

within thirty days of service, and because of the potential injustice resulting from making the first-

served defendant the arbiter for all defendants of whether a case ought to be removed.  *See*

*Kimbrough v. City of Cocoa*, 2005 WL 1126651 (M.D.Fla. 2005).  Hill offers nothing to make the

Court reconsider its previous decision on this point.  UHG filed its petition for removal within

thirty days of first being served, making the removal timely under the "latter served" rule.

As of the date Hill filed its motion for remand in this case, Rx Solutions and United

Healthcare had not joined in UHG's petition for removal.  However, the rule of unanimity does not

require that all of the defendants literally sign the removal petition.  Rather, each defendant must

independently manifest its consent to removal clearly and unambiguously to the court within the

30 days allotted by the removal statute.  *Esposito v. Home Depot, U.S.A., Inc.*, 436 F.Supp.2d 343,

345 (D.R.I. 2006).  Rx Solutions and United Healthcare filed a "Notice of Consent to Removal"

(Doc. 10) on March 14, 2008, less than 30 days after Hill filed the Amended Complaint, which

first added UHG as a defendant.

Hill also argues that estoppel should prevent Rx Solutions and United Healthcare from

joining in the removal petition filed by UHG, due to the close corporate relationship between those

entities.[2]  Just as with its "waiver" argument, Hill provides no legal or factual support for the

---

[2]There is some dispute as to the extent of the relationship between the Defendants.  Hill contends that Rx Solutions and United Healthcare are wholly owned subsidiaries of UHG, with the majority of the board of directors of both subsidiaries comprised of officers, directors and employees of UHG.  (Doc. 7 at 8).  The Defendants contend that the three entities are entirely distinct, maintaining separate officers and boards of directors and separated, operationally, by at least one intervening subsidiary.  (Doc. 23 at 4).

application of the doctrine of estoppel to these defendants, failing to even list the elements needed to establish its applicability, much less show that those elements are present in this case.

Turning to substantive issues of subject matter jurisdiction, Hill reiterates its arguments from its motion to remand in the 2032 case that the Defendants have failed to meet their burden of demonstrating the existence of a federal question or the fraudulent joinder of the non-diverse defendant.  The Defendants essentially reiterate the arguments made in their notice of removal. However it is not clear that it would be proper to consider these arguments, given that the Court already granted Hill's motion to remand in the 2032 Case.  As such, it is at least arguable that these issues have been settled, and UHG is not entitled to bring them up again.

UHG touches upon this issue in its response, acknowledging that

> If this Court had remanded [Rx] Solutions' and [United Healthcare]'s removal attempt on substantive grounds (which it did not), then the Court's remand decision conceivably could have acted as the law of the case.

(Doc. 23 at 8).  UHG goes on to say that

> In that hypothetical scenario, the Court's previous remand decision might have prevented UHG from basing federal court jurisdiction on the same arguments proffered by [United Healthcare and Rx Solutions].  But that hypothetical does not reflect the procedural posture of this case.

(Doc. 23 at 8).

UHG provides no support for its contention that the remand was not based on substantive grounds.  The Court granted the motion to remand based on the failure of Rx Solutions and United Healthcare to respond to it.  Local Rule 3.01(b) requires any party opposing a motion to respond within a certain amount of time, and therefore a failure to file a response within that period is

treated as acquiescence in the motion.  It is true that, because Rx Solutions and United Healthcare did not respond within the deadline, the Court granted the motion to remand in the 2032 Case without considering the substantive arguments regarding subject matter jurisdiction.  Nonetheless, given the effect of Local Rule 3.01(b), it is not clear why the order granting that motion should not be given substantive effect, and treated as law of the case, any more than it would be if the Defendants had filed a response saying "We agree with the points raised by the movant and therefore do not oppose the motion."

Although UHG touched upon this issue, neither side has truly addressed it in their papers.  However, it is well settled that a federal court is obligated to inquire into the existence of subject matter jurisdiction *sua sponte* whenever it may be lacking, and removal jurisdiction is no exception.  *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  The Court should not resolve this issue without proper briefing.  Therefore, the parties are **ORDERED** to file supplemental briefs addressing the issue of whether the remand order in the 2032 Case restricts UHG's ability to raise the federal-question and fraudulent-joinder arguments it now seeks to make, either as law of the case or for some other reason.  The briefs shall be filed on or before April 25, 2008, and shall not exceed ten pages in length.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 11, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

-8-