**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HILL DERMACEUTICALS, INC.,**

        **Plaintiff,**

**-vs-**                                                   **Case No. 6:08-cv-330-Orl-31KRS**

**RX SOLUTIONS, UNITED HEALTH**
**GROUP, INC., and UNITED**
**HEALTHCARE OF FLORIDA, INC.,**

        **Defendants.**

_____

# ORDER

This matter comes before the Court on the Motion to Dismiss Hill's Amended Complaint (Doc. 5) filed by Defendants RX Solutions and United Healthcare of Florida, Inc. ("UHF") and the response (Doc. 20) filed by the Plaintiff, Hill Dermaceuticals, Inc. ("Hill"). In addition, the Court has reviewed Hill's Motion to Amend/Correct its Amended Complaint (Doc. 39), to which the Defendants have not yet responded.

**I.    Background**

Shortly after this case was first removed to this Court, RX Solutions and UHF filed a motion to dismiss, which this Court granted on February 5, 2008. The movants had asserted numerous grounds for dismissal, all of which the Court found meritorious, and thus the order granting the motion instructed Hill to file an amended complaint "that states a proper claim under Rule 8, satisfies Rule 9 where applicable, and otherwise remedies the shortcomings identified by the Defendants in their motion."

Hill filed an amended complaint on February 20. A few days later, Hill's motion to remand was granted due to the Defendants' failure to respond to it. However, the amended complaint (Doc. 2) added a new defendant – United Health Group, Inc. ("United Health") – which removed the instant case to this Court for a second time. Hill filed a motion to have the case remanded a second time (Doc. 7), which this Court denied. (Doc. 34).

## II.     Standards

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The plaintiff must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atlantic Corp. v. Twombly,* __ U.S. __, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the rule to be applied is that, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (*citing* FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.*

*for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id*. (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384. (11th Cir. 1989).

**III.    Analysis**

In substance, Hill's six-count amended complaint mirrors the complaint which this Court previously dismissed. According to the allegations of both documents, RX Solutions, a pharmacy benefits manager, refuses to include one of Hill's products – Derma-Smooth/FS (Body Oil) ("Derma-Smoothe") – on its list of approved drugs, or formulary. As a result, patients who have insurance through United Healthcare and whose physicians prescribe Derma-Smoothe must pay for it out of their own pockets. RX Solutions provides notices to physicians and patients that it will cover the cost of Derma-Smoothe if the patient is unable to utilize certain other medications – triamcinoiline, clobetasol, and hydrocortisone (collectively, the "Formulary Medications"). According to Hill, these notices constitute a (false) statement by RX Solutions that the Formulary Medications are equivalent to Derma-Smoothe, which constitutes an injurious falsehood (Count II); defamation (Count III); misleading advertising (Count IV); and a deceptive and unfair trade practice (Count V).[1]

---

[1] The sole remaining count, Count I, asserts a right to a preliminary injunction or temporary restraining order but does not assert a separate cause of action.

The fundamental flaw in Hill's case is exemplified by its Motion to Amend its Amended Complaint (Doc. 39), in which Hill seeks leave to add a declaratory judgment count. In support of its motion, Hill provides an affidavit from a physician, Randall Coverman ("Coverman"), who prescribed Derma-Smoothe for a patient, and was notified by RX Solutions that the patient would have to pay because Derma-Smoothe was not on the formulary. (Doc. 39-3 at 3). In denying coverage, RX Solutions notified the patient that coverage of Derma-Smoothe required a showing that the patient was unable to utilize the Formulary Medications. Coverman states that the denial "forced me into a position of having to choose a drug other than Derma-Smoothe ... my drug of choice." (Doc. 39-3 at 4). The Court accepts Coverman's statement as true. However, the statement undercuts Hill's case, rather than bolstering it. There is no suggestion in Coverman's affidavit that RX Solutions' statement has injured the reputation of Hill or its product or led Coverman to believe that the Formulary Medications are as effective or useful as Derma-Smoothe, or caused any of the other ills alleged by Hill. To the contrary, Coverman continues to insist that the Formulary Medications are inferior, in different ways, to Hill's product.

What Coverman's statement demonstrates is that Hill's true complaint is with RX Solutions' refusal to include Derma-Smoothe on its formulary, not anything that RX Solutions has said (or implied) about that medication.[2] Even accepting all of Hill's properly pleaded allegations as true, Hill has not demonstrated an entitlement to relief as to any of the counts in the Amended Complaint. Considering the true nature of Hill's underlying complaint, and the fact that

---

[2]There is no contention (and the Court is not aware of any authority to support a contention) that RX Solutions' refusal to include Derma-Smoothe on its formulary, standing alone, gives rise to any cause of action on Hill's part.

Coverman's statement marks Hill's third effort to demonstrate an entitlement to relief, the Court concludes that further amendments would be futile. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss Hill's Amended Complaint (Doc. 5) is **GRANTED**, and the Amended Complaint (Doc. 2) is **DISMISSED WITH PREJUDICE**. All pending motions are **DENIED AS MOOT**, and the Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 5, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party